IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| James L. Devlin | ) | C/A No. 8:16-cv-01024-TMC-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF PARTIAL SUMMARY DISMISSAL** |
| Magistrate Judge Melanie Davis, Officer Tye Nalley, Officer Noe Sudduth, and Pickens Police Department, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

_____

James L. Devlin, a pretrial detainee in the Pickens County Detention Center, proceeding *pro se* and *in forma pauperis*, brings a civil action pursuant to 42 U.S.C. § 1983 seeking monetary damages and dismissal of his pending state charges. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B) and Local Rule 73.02(B)(2)(d)(D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court. The undersigned recommends that Magistrate Judge Melanie Davis and the Pickens Police Department be dismissed from the case.

## BACKGROUND

The plaintiff alleges he was arrested on charges stemming from an incident that occurred on March 16, 2016 (doc. 1-2 at 5). He was arrested on March 18, 2016, and has been charged with domestic violence, second degree; burglary, first degree; and two counts of assault and battery, third degree. *See* Pickens County 13th Judicial Circuit Public Index, http://publicindex.sccourts.org/Pickens/PublicIndex/PISearch.aspx (enter "James L. Devlin" and "search," click on "2016A3920700042," "2016A3920700043,"

"2016A3920700044," "2016A3920700045," and click "Charges") (last visited April 27, 2016); see also Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (holding that courts "may properly take judicial notice of matters of public record.").

The plaintiff alleges that Magistrate Judge Melanie Davis ("Magistrate Judge Davis"), and Officers Tye Nalley and Noe Sudduth (collectively, "the Officers") violated his rights by conspiring to withhold evidence and witnesses in his State criminal proceedings (docs. 1 at 1–2; 1-2 at 4). He further alleges these defendants have obstructed justice by refusing to tell the truth (docs. 1 at 2, 1-3 at 1). The plaintiff asserts that the Pickens Police Department and various officers failed to sufficiently investigate what happened the day he was arrested (doc. 1-3 at 1). The plaintiff contends that his *Miranda* rights have been violated because he was not read his rights and appears to allege that he should not have been arrested or charged with any crimes because he was the true victim (*id*. at 1–2). Specifically, the plaintiff states that on the day of the incident that led to his arrest, he was attacked with a metal pole and he did not "sw[i]ng [a] hammer at [any]one" (*id.* at 2).

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review the complaint for relief and submit findings and recommendations to the District Court. The plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, the

planitiff is a prisoner under the definition in 28 U.S.C. § 1915A(c) and "seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Thus, even if the plaintiff had prepaid the full filing fee, this court is charged with screening the plaintiff's lawsuit to identify cognizable claims or to dismiss the complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.

As a *pro se* litigant, the plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).  However, even under this less stringent standard, a portion of the *pro se* pleading remains subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

This complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)).  A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Rehberg v. Paulk*, 132 S.Ct. 1497, 1501 (2012).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

3

that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Magistrate Judge Davis**

The plaintiff seems to allege that Magistrate Judge Davis is a South Carolina state magistrate judge. It is well settled that judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *see also Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (explaining that if a challenged judicial act was unauthorized by law, the judge still has immunity from a suit seeking damages). Whether an act is judicial or nonjudicial relates to the nature of the act, such as whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Mireles*, 502 U.S. at 12. Immunity applies even when the judge's acts were in error, malicious, or in excess of his authority. *Id.* at 12–13. Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Here, the plaintiff's allegations against Magistrate Judge Davis relate to her judicial actions in his criminal proceedings; accordingly, Magistrate Judge Davis has absolute immunity and should be dismissed from this action.

**Pickens Police Department**

The Pickens Police Department cannot be sued under § 1983 because it is not a person. It is well settled that only "persons" may act under color of state law, so a

defendant in a § 1983 action must qualify as a "person." Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). Therefore, the Pickens Police Department should be dismissed from this action because the plaintiff fails to state a § 1983 claim against it.

**The Officers**

Liberally construing the plaintiff's allegations, it appears that he may contend that he has been subjected to false arrest; as previously noted, the plaintiff is also requesting monetary damages. To date, the Pickens County online records show no indictments have been entered on the pending charges against him. If indictments had been entered, then the plaintiff would have failed to state a claim for false arrest. *Cf., Durham v. Horner*, 690 F.3d 183, 188–89 (4th Cir. Aug. 8, 2012) (holding that an indictment, fair upon its face, returned by a properly constituted grand jury conclusively determines the existence of probable cause). Moreover, an arresting officer cannot be charged with false arrest when he arrests an individual pursuant to a facially valid warrant. *See Vanover v. NFN Blendowski*, No. 3:05-2956-DCN-JRM, 2006 WL 3513682, at *5

(D.S.C. Dec. 5, 2006). Here, it is unclear whether an arrest warrant was issued. Accordingly, service of process is authorized pursuant to *Wallace*.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Magistrate Judge Melanie Davis and the Pickens Police Department be dismissed from this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). This action remains pending against Officers Nalley and Sudduth at this time. **The petitioner's attention is directed to the important notice on the next page.**

s/ Kevin F. McDonald
United States Magistrate Judge

May 2, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).