IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| James L. Devlin, ) | |
| ) | Civil Action No. 8:16-1024-TMC-KFM |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Magistrate Judge Melanie Davis, Officer ) | |
| Tye Nalley, Officer Noe Sudduth, and ) | |
| Pickens Police Department, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that Defendants Magistrate Judge Melanie Davis and the Pickens Police Department be dismissed from Plaintiff's action without prejudice and without issuance and service of process. (ECF No. 14). Plaintiff filed objections to the Report. (ECF No. 20). Accordingly, this matter is now ripe for review.

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Plaintiff's objections are mostly unspecific to the dispositive portions of the Report. In his objections, Plaintiff claims that Magistrate Judge Davis conspired with an officer during a criminal proceeding to violate his constitutional rights even though she knew that he did not violate any criminal laws. (ECF No. 20 at 1). The court finds that Plaintiff's objections fail to set forth any reason for overturning the well-reasoned recommendation of the magistrate judge. As discussed by the magistrate judge, when judicial officials act within their capacity as judicial officials, they are entitled to absolute immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) (stating that judicial immunity is not overcome by allegations of bad faith or malice"); *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (stating that absolute judicial "immunity applies even when the judge is accused of acting maliciously and corruptly").

Instead of addressing the substantive portions of the Report, Plaintiff devotes much of his objections to raising factual arguments concerning a non-party and new allegations he did not raise in the complaint. In his objections, Plaintiff discusses an "officer B. Wimpey," who allegedly lied to Magistrate Judge Davis. (ECF No. 20 at 1). Plaintiff referenced officer B. Wimpey in an attachment to his complaint, but he did not list this officer as a defendant. (ECF No. 1-3 at 1). Furthermore, Plaintiff raises new allegations concerning the conditions of the pretrial detention center in his objections. Plaintiff did not raise these allegations in his complaint. These new allegations do not address any specific error in the Report. No amended pleadings have been filed, and "Plaintiff cannot use his objections to plead new facts not alleged in his complaint." *Vanzant v. Carolina Ctr. for Occupational Health*, No. 8:14-CV-03725-RBH, 2015 WL 5039302, at *4 (D.S.C. Aug. 25, 2015).

In sum, the court has thoroughly reviewed the Report and Plaintiff's objections and finds no reason to deviate from the Report's recommended disposition. Accordingly, Plaintiff's

objections are overruled.  Based on the foregoing, the court adopts the Report (ECF No. 14) and incorporates it herein.  It is therefore **ORDERED** that Defendants Magistrate Judge Melanie Davis and the Pickens County Police Department are **DISMISSED** without prejudice and without issuance and service of process.

    **IT IS SO ORDERED.**

    s/Timothy M. Cain
    Timothy M. Cain
    United States District Judge

May 23, 2016
Anderson, South Carolina