IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENWOOD DIVISION

| | |
|---|---|
| James L. Devlin, ) | |
| ) | Civil Action No. 8:16-cv-1024-TMC-KFM |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Officer Tye Nalley and ) | |
| Officer Noe Sudduth, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the defendants' motion for summary judgment (doc. 43) and the plaintiff's motion for trial (doc. 54). The plaintiff, a former pre-trial detainee[1] at the Pickens County Detention Center who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. Officers Tye Nalley and Noe Sudduth are Pickens city police officers. The plaintiff alleges the officers arrested him without cause. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

After the defendants' summary judgment motion was filed, the plaintiff was advised by the court of the summary judgment procedure and the possible consequences if he failed to respond adequately (doc. 44). The plaintiff timely filed his response in opposition to the motion, also incorporating his own motion for trial (doc. 54). The defendants thereafter filed a reply (doc. 59) and a supplement to their motion (doc. 62).

---

[1]The plaintiff advises that he is now in custody in the South Carolina Department of Corrections (doc. 58).

## BACKGROUND

The plaintiff was arrested and jailed following a domestic incident in Pickens on March 16, 2016. In his complaint, the plaintiff alleges that he was struck with a metal pole by another individual while attending a cookout at an apartment complex (doc. 1-2, p. 5). He claims that the responding officers failed to properly investigate the matter, and they arrested him without cause, charging him with criminal domestic violence, burglary, assault and battery, and breach of peace. In his cover letter attached to his complaint, the plaintiff asks how he could be charged if he "was not there," but also states that "no one was hurt anyway, just drunk" (doc. 1, pp. 2-4). In his response in opposition to summary judgment, the plaintiff provides affidavits from witnesses, including one from Donald Thigpen who describes the plaintiff's conduct at the cookout (doc. 56, Thigpen aff.).

The defendants deny that they violated the plaintiff's constitutional rights and allege that probable cause existed for the plaintiff's arrest. They present police reports and witness statements describing that the plaintiff arrived at the cookout, kicked over the grill, forced his way into an apartment pushing two occupants to the ground, and tried to attack another person with a hammer (docs. 43-3 through 43-9). They also provide copies of indictments arising from the incident against the plaintiff (doc. 43-10), as well as a sentencing sheet showing that the plaintiff pled guilty on October 7th to criminal domestic violence, 2nd degree, for his conduct at the cookout, and was sentenced to two years in prison (doc. 62-1).

## APPLICABLE LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a

reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

*False Arrest*

To state a claim for false arrest under § 1983, a plaintiff must demonstrate that he was arrested without probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974) ("[T]here is no cause of action for 'false arrest' under section 1983 unless the arresting officer lacked probable cause."); *see also Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002) (analyzing false arrest claim for whether seizure was unreasonable). To state a claim for false arrest, a plaintiff must allege that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in plaintiff's favor. *See Brown*, 278 F.3d at 367 (evaluating probable cause in light of officer's knowledge at time of arrest).

The plaintiff has failed to establish that the defendant officers lacked probable cause to arrest him. In support of summary judgment, Officer Sudduth provides his affidavit

and relevant reports describing his actions in responding to the March 16th incident, including interviewing eye witnesses who stated that the plaintiff kicked over the grill and forced his way into an apartment.[2] The witnesses further stated that the plaintiff pushed two females to the ground and then swung a hammer at three of the witnesses (doc. 43-2, Sudduth aff. ¶ 6 & docs. 43-3 through 43-9). In opposing summary judgment, the plaintiff provides the affidavit of Donald Thigpen (doc. 56). However, Mr. Thigpen's testimony actually supports a finding of probable cause, as he describes some of the plaintiff's conduct for which he was charged, including kicking over the grill, pushing a woman to the floor, and swinging the hammer (*id.*). Based on the evidence before the court, probable cause clearly existed for the plaintiff's arrest. Moreover, the resulting criminal proceedings did not terminate in the plaintiff's favor. As shown by the resulting indictment and the sentencing sheet from the Pickens County Court of General Sessions, the plaintiff was charged and pled guilty to criminal domestic violence, 2nd degree, for which he is now serving a two year sentence in prison (docs. 43-10, 62-1). Accordingly, the plaintiff cannot maintain a constitutional claim for false arrest, and the defendants are entitled to summary judgment.

***Qualified Immunity***

Qualified immunity protects government officials performing discretionary functions from civil damage suits as long as the conduct in question does not "violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, qualified immunity is lost if an official violates a constitutional or statutory right of a plaintiff that was clearly established at the time of the alleged violation such that an objectively reasonable official in the official's position would have known of the right. *Id*.

To determine whether qualified immunity applies, a district court must determine a plaintiff has alleged the deprivation of an actual constitutional right at all and

---

[2]Defendant Tye Nalley was not present at the time of the plaintiff's arrest (doc. 43-2, Sudduth aff. ¶ 15).

4

whether the particular right was clearly established at the time of the alleged violation. *See Tolan v. Cotton*, 134 S.Ct. 1861, 1865-66 (2014) (*per curiam*); and *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).  Here, as discussed above, the plaintiff's allegations fail to demonstrate that the defendants violated his constitutional rights.  Therefore, the undersigned finds the defendants are entitled to qualified immunity.

## CONCLUSION AND RECOMMENDATION

Now, therefore, based upon the foregoing,

IT IS RECOMMENDED that the defendants' motion for summary judgment (doc. 43) be granted and the plaintiff's motion for trial (doc. 54) be denied.  The attention of the parties is directed to the notice on the next page.

IT IS SO RECOMMENDED.

November 28, 2016  
Greenville, South Carolina

s/ Kevin F. McDonald  
United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).