IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

James L. Devlin,                    )
                                   )        Civil Action No. 8:16-cv-1024-TMC
                Plaintiff,         )
                                   )
        vs.                        )        **ORDER**
                                   )
Officer Tye Nalley;                )
Officer Noe Sudduth,               )
                                   )
                Defendant.         )
                                   )
_____   )

Plaintiff, a prisoner proceeding pro se, filed this civil action pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 63), recommending that the court grant Defendants' motion for summary judgment (ECF No. 43) and deny Plaintiff's motion for jury trial (ECF No. 54). Plaintiff was advised of his right to file objections to the Report. (ECF No. 63 at 6). Plaintiff filed objections to the Report.[1] (ECF No. 72).

The recommendations set forth in the Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Reports to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not

_____

[1] The deadline for objections was December 15, 2016. (ECF No. 69). Plaintiff's objections were received by the prison mailroom on December 20, 2016. (ECF No. 72-1). However, Plaintiff dated the objections December 7, 2016 and claimed difficulty obtaining paper, pens and envelopes. (ECF No. 72 at 2). The court will consider Plaintiff's objections.

conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I.  BACKGROUND

The magistrate judge summarized the facts of this action in his Report.  (ECF No. 63). Briefly, Plaintiff was arrested and jailed following a domestic incident on March 16, 2016 and charged with criminal domestic violence, second degree; burglary, second degree; and two counts of assault and battery, third degree. Pickens County 13th Judicial Circuit Public Index, http://publicindex.sccourts.org/Pickens/PublicIndex/PISearch.aspx (enter "James L. Devlin" and "search," click on "2016A3920700042," "2016A3920700043," "2016A3920700044," "2016A3920700045," and click "Charges").[2]  Plaintiff alleges defendants Noe Sudduth and Tye Nalley (collectively, the "Officers") falsely imprisoned him and violated his *Miranda* rights. (ECF Nos. 1 at 2–4 and 1-2 at 4, 6).  As noted above, Plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

Plaintiff's complaint originally included Magistrate Judge Judy Melanie Davis and the Pickens Police Department as defendants (ECF No. 1); however, the court ordered their dismissal from the case on May 23, 2016 (ECF No. 22).  On August 22, 2016, remaining defendants Noe Sudduth and Tye Nalley moved for summary judgment.  (ECF No. 43).  On October 18, 2016, Plaintiff filed a response (ECF No. 54) to which defendants filed a reply on

---

[2] The Fourth Circuit held that "a court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence 201, constitute 'adjudicative facts.'" *Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500 (4th Cir. 2015); *Jeandron v. Bd. of Regents of Univ. Sys. Of Maryland*, 510 F. App'x 223, 227 (4th Cir. 2013) (stating the court may take judicial notice of information on a web site, "so long as the web site's authenticity is not in dispute.").

October 28, 2016 (ECF No. 59). On November 18, 2016, defendants filed a supplement (ECF No. 62) to their motion for summary judgment to notify the court that Plaintiff pled guilty to the criminal domestic violence, second degree charge.[3] Before the court is the magistrate judge's Report on Defendants' motion for summary judgment (ECF No. 63) and Plaintiff's motion for jury trial (ECF No. 54).

## II. DISCUSSION

Rather than containing specific objections to the magistrate judge's findings, Plaintiff's objections largely restate his claims and assert his innocence of the crimes. However, Plaintiff does not dispute that he pled guilty to Criminal Domestic Violence, Second Degree or Burglary, Second Degree on October 17, 2016. Pickens County 13th Judicial Circuit Public Index, http://publicindex.sccourts.org/Pickens/PublicIndex/PISearch.aspx (enter "James L. Devlin" and "search," click on "2016A3920700042," "2016A3920700043.") ("Pickens County Public Index"). The court is able to glean that Plaintiff objects to the findings in the Report on two grounds. First, Plaintiff alleges that the magistrate judge erred in finding that probable cause existed because there was no evidence to show that a burglary or assault took place and the warrants were based on lies. Second, Plaintiff argues that his *Miranda* rights were not read to him.

### A. False Arrest

Upon review, the court finds that Defendants are entitled to summary judgment on Plaintiff's false arrest claim because probable cause existed for the arrest of Plaintiff supported by the evidence, Plaintiff's indictment by a grand jury, and Plaintiff's convictions on underlying offenses. Defendants' evidence supporting probable cause included Sudduth's affidavit and

---

[3] The court notes that this information is public record. *See* Pickens County Public Index. Additionally, Plaintiff pled guilty to burglary, second degree. *Id.*

reports describing his actions in responding to the incident on March 16, 2016 and eyewitness accounts of Plaintiff's behavior.[4]  (ECF No. 43-2, 43-3 through 43-9).  "Probable cause to justify an arrest arises when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" *Porterfield v. Lott*, 156 F.3d 563, 569 (4th Cir. 1998) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).  "It is an objective standard of probability that reasonable and prudent persons apply in everyday life," and requires more than "bare suspicion" but requires less than evidence necessary to convict.  *United States v. Gray*, 137 F.3d 765, 769 (4th Cir. 1998).  In this case, the standard was met by Defendants.

Secondly, a grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims of false arrest or malicious prosecution under § 1983.  *See Provet v. South Carolina,* C.A. No. 6:07–1094–GRA–WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007).  Defendants attached grand jury indictments of Plaintiff to Defendants' motion for summary judgment.  (ECF No. 43-10).  Additionally, conviction on a charge, in and of itself, may establish probable cause for purposes of a false arrest claim.  *See, e.g., Powers v. Sickler,* C.A. No. 93-617, 1995 WL 146272, at *5, *11 (N.D.N.Y. Mar. 31, 1995) ("[A] conviction is conclusive evidence of probable cause"); *Konon v. Fomal*, 612 F. Supp. 68, 71 (D. Conn. 1985) ("It is clear that if the plaintiff had been convicted of either of the crimes with which he was charged, or of any lesser included offenses, this would be conclusive proof of probable cause").  Plaintiff pled guilty to his domestic violence and burglary charges on October 17, 2016.  *See* Pickens County Public Index.  Finally, to the extent that Plaintiff's objections could be liberally construed to

---

[4] Eyewitnesses stated that Plaintiff kicked over a grill, forced his way into the apartment, pushed two females to the ground, and swung a hammer at three witnesses.  (ECF No. 43-2, 43-3 through 43-9).

allege a claim of malicious prosecution,[5] the claim fails because the charge has not been resolved in his favor.[6]  *See Burrell v. Virginia,* 395 F.3d 508, 514 (4th Cir. 2005).  Based on the above, Plaintiff's objection is without merit and Defendants are entitled to summary judgment.

## B. *Miranda* Violation

Plaintiff's objection due to alleged *Miranda* rights violations lacks merit because a § 1983 action is an improper means for claiming a *Miranda* violation. *See Chavez v. Martinez*, 538 U.S. 760, 123 S. Ct. 1994, 155 L.Ed.2d 984 (2003).  "*Miranda* warnings are a procedural safeguard rather than a right explicitly stated in the Fifth Amendment.  The remedy for a *Miranda* violation is the exclusion from evidence of any ensuing self-incriminating statements.  The remedy is not a § 1983 action." *Neighbour v. Covert*, 68 F.3d 1508, 1510 (2d Cir. 1995) (per curiam) (internal citations omitted); *Warren v. City of Lincoln, Neb.,* 864 F.2d 1436, 1442 (8th Cir. 1989) ("[T]he remedy for a *Miranda* violation is the exclusion from evidence of any compelled self-incrimination, not a section 1983 action.").  Plaintiff's allegation of a *Miranda* violation is not actionable under § 1983, thus, his objection is meritless.

## III. CONCLUSION

After a thorough review of the Report and the entire record in this case, the court adopts the magistrate judge's Report (ECF No. 63) and incorporates it herein.  Accordingly, Defendants'

---

[5] A § 1983 claim of malicious prosecution would also be barred by *Heck v. Humphrey,* 512 U.S. 477 (1994).  A prisoner may not raise claims in a § 1983 action, whether the relief sought is injunctive, declaratory, or monetary, if "success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005).  Plaintiff may only recover damages in a § 1983 suit for an allegedly unconstitutional conviction or imprisonment if his sentence is first reversed on appeal, expunged by executive pardon, or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck*, 512 U.S. at 486–87.

[6] As previously noted, Plaintiff pled guilty to the domestic violence and burglary charges.  Regarding the assault and battery charges, **Error! Main Document Only.**courts have held that simple, unexplained nolle prosequi, dismissal, or disposal of pending state charges that result in the dismissal of the charges for reasons other than the defendant's innocence do not satisfy the favorable termination requirement.  *See Jackson v. Gable*, C/A No. 0:05-2591-HFF-BM, 2006 WL 1487047, at *6 (D.S.C. May 25, 2006).

motion for summary judgment (ECF No. 43) is **GRANTED** and Plaintiff's motion for jury trial (ECF No. 54) is **DENIED as moot**.

      **IT IS SO ORDERED.**

s/Timothy M. Cain    
United States District Judge

February 7, 2017
Anderson, South Carolina

**NOTICE OF RIGHT TO APPEAL**

      The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.